FILED
2013 Nov-04 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED SPECIALTY INSURANCE COMPANY, a corporation,** | ) ) ) |
| PLAINTIFF, | ) ) |
| VS. | ) **Civil Action Number:** |
| **W.F. DEVELOPMENT, INC.;** **AUDREY PERINE;** **WELLS FARGO BANK, N.A.** | ) ) ) ) ) |
| DEFENDANTS. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff, United Specialty Insurance Company (hereinafter "United"), and files the following Complaint for Declaratory Judgment, stating as follows:

### I. PARTIES AND JURISDICTION

1. United is a company incorporated in the State of Delaware, with its principal place of business in the State of Texas.

2. Upon information and belief, Defendant W.F. Development, Inc. (hereinafter, "W.F.") is a company incorporated in the State of Alabama, with its principal place of business in the State of Alabama.

3. Upon information and belief, Defendant Audrey Perine (hereinafter "Perine") is an individual who resides in the State of Alabama.

4. Upon information and belief, Defendant Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") is a company incorporated in the State of California, with its principal place of business in the State of California.

5. The present action for declaratory judgment relief is filed pursuant to 28 U.S.C. §2201, *et. seq.*

## II. FACTS

6. On or about February 14, 2011, Perine and W.F. entered into a contract whereby W.F. agreed to construct and sell a house to Perine. (*See* the sales contract, attached hereto as "Exhibit A"). Said house is located in Shelby County, Alabama.

7. Upon information and belief, on or about April 21, 2011, Perine mortgaged the house to Wells Fargo.

8. On or about March 26, 2012, United issued a commercial general liability policy to an individual named Bill Findlay, designated as policy number NS1212455 (hereinafter, "Policy"). (*See* Policy, attached hereto as "Exhibit B"). Upon information and belief, Bill Findlay is the president of W.F.

9. On or about December 18, 2012, W.F. filed a lawsuit against Perine and Wells Fargo in the Circuit Court of Shelby County, styled *W.F. Development, Inc. v. Audrey Perine; Wells Fargo Bank, N.A.*; CV-12-901132. Thereafter, the Court ordered the lawsuit into arbitration. (hereinafter referred to as the "underlying arbitration"). Perine has filed counterclaims against W.F. in the underlying arbitration. (*See* Perine's Answer and Counterclaims in the underlying arbitration, attached hereto as "Exhibit C"). Perine alleges in her counterclaims that W.F. constructed Perine's residence in a manner that was faulty and defective. Perine further alleges that W.F.'s faulty and defective work has caused substantial damage to the property. ("Exhibit C").

10. The amount in controversy exceeds $75,000, exclusive of interests and costs. Perine claims $414,669.06 in damages resulting from W.F.'s faulty and defective work. (*See* Perine's Itemized Damages for Arbitration, attached hereto as "Exhibit D").

### III. UNITED POLICY PROVISIONS

11. United's Policy provides, *inter alia*, the following[1]:

### POLICY

### SECTION I - COVERAGES

---

[1] Portions of the Policy have been omitted for brevity.

3

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damaged because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    **(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy

4

    period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who is An Insured or Any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when an insured listed under Paragraph **1**. Of Section **II** – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence of claim:
**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
**(2)** Receives a written or verbal demand or claim for damages because

5

of the "bodily injury" or "property damage" or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

**2. Exclusions:**

This insurance does not apply to:

k.  **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l.  **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
This exclusion does not apply if the damaged work or the work out of which the damaged work arises was performed on your behalf by a subcontractor.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

**2.    Duties in The Event of Occurrence, Offense, Claim Or Suit**

    **a.**   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**   If a claim is made or "suit" is brought against any insured, you must:
**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.

### CONTRACTORS SPECIAL CONDITION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following is added to **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**:

**Contractors**

As a condition precedent to coverage for any claim for injury or damage based, in whole or in part, upon work performed by independent contractors, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit."

> **(1)** received a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work or the independent contractor;
>
> **(2)** obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $1,000,000 per occurrence;
>
> **(3)** obtained proof that the independent contractor has workers compensation insurance if required by the state in which the job(s) is located; and
>
> **(4)** obtained proof that all licenses as required by local and/or state statute, regulation or ordinance are up to date.

The insured must maintain the records evidencing compliance with paragraphs (**1**) through (**4**) for a minimum of five years from the expiration date of this policy. If coverage indicated under (**2**) and (**3**) above are not maintained, we shall have no obligation to defend or indemnify any insured for work performed by independent contractors on your behalf represented by the certificates of insurance referenced in (**2**) and (**3**) above.

The insurance provided by this policy shall be excess over and above any valid and collectible insurance available to the insured under paragraph (**2**).

### EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGE

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions** of **COVERAGE B. PERSONAL AND ADVERTISING LIABILITY**:

This insurance does not apply to:

**Punitive or Exemplary Damage**

Any sums that the insured becomes legally obligated to pay for punitive, exemplary or multiple damages.

### EXCLUSION – ROOFING LIMITATION

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions** of **COVERAGE B. PERSONAL AND ADVERTISING LIABILITY**:

This insurance does not apply to:

**Roofing Limitation**

(**1**) "Bodily injury", "property damage" or "personal and advertising injury" arising out of:

**(a)**   The handling, storage or transportation of hot tar or any other heated substance; or

**(b)**   Any job site where you are working, or have worked, on a roof of a building or structure, whether work is completed or not, in excess of three (3) stories or thirty-six (36) feet in height.

**(2)**   "Property damage" to any building or structure caused by fire if caused by the application of open flame or torch from the intrusion of rain, snow, sleet or hail for any reason, including the negligence of the insured during the course of the insured's "roofing operations"; unless the insured or any contractor or subcontractor working directly or indirectly on behalf of the insured applies a "secured protective cover" of waterproof material over all portions of the "open roof," thereby preventing entry by any of the perils mentioned above.

**(3)**   "Property damage" to any building or structure or its contents or any related items thereto, caused by or resulting from the intrusion of rain, snow, sleet or hail for any reason, including the negligence of the insured during the course of the insured's "roofing operations"; unless the insured or any contractor or subcontractor working directly or indirectly on behalf of the insured applies a "secured protective cover" of waterproof material over all portions of the "open roof," thereby preventing entry by any of the perils mentioned above.

As used in this endorsement:
"Open roof" is defined or section thereof from which the protective covering (shingles, tar, tiles, felt paper, etc.) has been removed leaving exposed the decking, supporting structure, or interior of the building or its contents to the intrusion of rain, snow, sleet or hail.
"Roofing operations" is defined to mean removal of any old roofing material and the application of new roofing material.
"Secured protective cover" is defined as weatherproof covering applied and securely fastened as if permanent in nature except for its temporary employment until completion of the roofing operations."

**FUNGI OR BACTERIA EXCLUSION**

**2.     Exclusions**

This insurance does not apply to:

**a.**     "Bodily injury" or property damage" which would not have occurred, in whole or in part, but for the actual alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.**     Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of "fungi" or bacteria, by any insured or by any other person or entity.

**C.**     The following definition is added to the **Definitions** Section:

"Fungi" means any type of form or fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts or released by fungi.

**EXCLUSION – EMOTIONAL DISTRESS**

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

We do not cover any claim, loss, costs or expense for "bodily injury," property damage," or "personal and advertising injury" arising out of:

- emotional distress

11

- mental anguish
- humiliation
- mental distress
- mental injury
- mental suffering
- worry
- concern
- disappointment
- annoyance
- anxiety
- inconvenience
- depression
- dissatisfaction
- shock to the nervous system, or
- any physical manifestation of any of the foregoing, or
- any similar injury

Unless it arises out of actual physical injury to that person.

## IV.  **UNITED'S CONTENTIONS**

12. There is no coverage for Perine's claims against W.F. because W.F. knew that property damage and/or bodily injury had occurred, in whole or in part, prior to the policy period.

13. W.F. retained independent contractors to perform some or all of the work on Perine's residence.  W.F. failed to fulfill the condition precedent of securing certificates of insurance from its independent contractors showing W.F. to be an additional insured.  Therefore, there is no coverage for Perine's claims.

14. W.F. failed to fulfill the condition precedent of securing defense and indemnification agreements from its independent contractors. Therefore, there is no coverage for Perine's claims.

15. W.F. failed to put United on notice of the "occurrence" which resulted in a claim as soon as practicable. Therefore, there is no coverage for Perine's claims.

16. Perine's counterclaims against W.F. are excluded from coverage based upon the "Your Work" and "Your Product" exclusions in the Policy.

17. Perine's counterclaims against W.F. are excluded from coverage based upon the "Fungi or Bacteria" exclusion in the Policy.

18. Perine's counterclaims against W.F. are excluded from coverage based upon the "Roofing Limitation" exclusion in the Policy.

19. Any damages awarded to Perine in the underlying arbitration for punitive damages, exemplary damages or multiple damages are excluded from coverage based upon the "Punitive or Exemplary Damages" exclusion in the Policy.

20. Any damages awarded to Perine in the underlying arbitration for mental anguish, emotional distress or any similar injury are excluded from coverage based upon the "Emotional Distress" exclusion in the Policy.

## V. <u>PRAYER FOR RELIEF</u>

21. United specifically requests the Court to issue a declaratory judgment, declaring the following:

a. That United is not obligated to defend or indemnify W.F. in the underlying arbitration because W.F. knew that the property damage and/or bodily injury alleged by Perine had occurred, in whole or in part, prior to the policy period.

b. That United is not obligated to defend or indemnify W.F. in the underlying arbitration because W.F. failed to fulfill the condition precedent of securing certificates of insurance from its independent contractors showing W.F. to be an additional insured on the independent contractor's liability policy.

c. That United is not obligated to defend or indemnify W.F. in the underlying arbitration because W.F. failed to fulfill the condition precedent of securing defense and indemnification agreements from its independent contractors.

d. That United is not obligated to defend or indemnify W.F. in the underlying arbitration because W.F. did not put United on notice of an "occurrence" which may result in a claim as soon as practicable as is a condition precedent to coverage in the Policy.

e. That coverage under the Policy is excluded based upon the "Your Work" and "Your Product" exclusions.

  f. That coverage under the Policy is excluded based upon the "Fungi or Bacteria" exclusion.

  g. That coverage under the Policy is excluded based upon the "Roofing Limitation" exclusion.

  h. That there is no coverage for any punitive, exemplary or multiple damages that may be awarded to Perine in the underlying arbitration.

  i. That there is no coverage for any damages for mental anguish, emotional distress or any similar injury awarded to Perine in the underlying arbitration.

  WHEREFORE, PREMISES CONSIDERED, United requests such other, further and different relief to which it may be entitled.

               /s/ James A. Potts, II_____
               William F. Smith, II (ASB-2003-h63w)
               James A. Potts, II (ASB-5610-j62p)
               Attorneys for United Specialty Insurance
               Company

**OF COUNSEL:**

VERNIS & BOWLING OF BIRMINGHAM, LLC
3300 Cahaba Road Suite 200
Birmingham Alabama 35223
Telephone: (205) 445-1026
Facsimile: (205) 445-1036
Email: jpotts@law-alabama.com

**Please serve the following via certified mail:**

W.F. Development, Inc.
c/o William R. Findlay
2788 Abingwood Road
Birmingham, AL 35243

Audrey Perine
5856 Whitewood Circle
Birmingham, AL 35244

Wells Fargo Bank, N.A.
c/o CSC Lawyers Incorporating Srv, Inc.
150 S. Perry Street
Montgomery, AL 36104

                                             */s/ James A. Potts, II*
                                             Of Counsel